No. 249.—J. H. BEARD *v.* G. W. CHAPPELL. T. M. GATLIN, Intervenor.

A privilege on the growing crop of cotton raised on a plantation in favor of a furnisher of supplies, which commenced after the first of January, 1870, is without effect against third persons, if it has not been recorded. The debtor for supplies being a lessee, the owner of the plantation and the stock thereon is a third person within the meaning of article 123 of the Constitution. If, therefore, the owner of the plantation, a third person, was in the possession of the cotton at the time the privilege was asserted by the furnisher of supplies, then and in such case the furnisher could not hold the same, because not having had his privilege recorded, and the cotton having passed into third hands, the privilege was lost.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *Lewis, J. Egan, Williamson & Wise*, for plaintiff and appellant. *Griffin & Snider*, for defendant and appellee.

HOWE, J. Plaintiff sued the defendant Chappell upon a bill of goods sold and plantation supplies furnished, and money loaned to the latter in the year 1869, and claimed a privilege therefor upon certain

·cotton on the Bear Point plantation, in the parish of Bossier, raised during that year. He also claimed the ownership of certain mules and ·other personal property on that plantation, and at his instance, in .June, 1870, a writ of sequestration was issued against both the cotton .and the other property.

The defendant Chappell answered by general and special denials, .and alleged that the plaintiff had lost his privilege for supplies by failing to record it. He also made a demand in reconvention

T. M. Gatlin intervened, claiming the ownership of all the property :sequestered, and damages for its seizure by plaintiff, which he alleged :to be tortious.

The plaintiff answered the petition of intervention by alleging that any sale by which the property had been transferred to Gatlin was .simulated.

The judge *a quo*, after trial of the issues thus made up, gave judgment in favor of plaintiff for his entire debt against the defendant, but rejected his claim of ownership of the mules, etc., and of privilege ·on the cotton, and rendered judgment in favor of intervenor for all ·the property seized. The plaintiff alone appealed.

The testimony of the numerous witnesses is so vague, confused and ·conflicting that it is difficult for us to settle the rights of the parties to this litigation with entire accuracy. Under such circumstances we attach even more than usual weight to the opinion of the judge below, who saw and heard the witnesses, and will not reverse his judgment unless manifestly erroneous. Bearing this familiar principle in mind, ·we will notice the principal points made.

*First*—The privilege of plaintiff was not recorded, and in this case, ·commenced in June, 1870, could have no effect against third persons. We are satisfied that the intervenor was a third person in the sense in ·which that phrase is used in article 123 of the Constitution. The :intervenor owned the plantation on which the cotton was seized, and that was in his possession. The contract under which he was thus in possession, whatever may be its legal name, was not a simulation. It was a real transaction, and the intervenor was a real party thereto, .and we therefore conclude that the plaintiff could not, in June, 1870, .assert against him an unrecorded privilege.

*Second*—As to the other personal property claimed by plaintiff as owner, we also conclude that the transfer to the intervenor was not a .simulation, and that the plaintiff is not the legal owner.

*Third*—The defendant has asked to have the judgment amended by reducing the amount as against him, but we see no reason to make the .amendment. The defendant has not clearly established the credit he ·claims.

udgment affirmed.