## THE CARA.

### WILMOT et al. v. THE CARA.

*(Circuit Court, D. Louisiana. April Term, 1880.)*

**MARITIME LIENS—SUPPLIES AT HOME PORT—CONSTRUCTION OF STATUTE.**
Under Rev. Civil Code La. art. 3274, declaring that "no privilege should have effect against third persons, unless recorded in the manner required by law," the owner of a vessel who has chartered her to another is a "third person," with respect to persons who claim a lien under the state law for supplies furnished in the home port. *Beard* v. *Chappell,* 23 La. Ann. 694, followed.

In Admiralty. Libel by W. G. Wilmot & Co. against the Cara for supplies, Lagan & Mackinson interveners. On appeal from district court. Libel and intervention dismissed.

The libelants, W. G. Wilmot & Co., and the interveners, Lagan & Mackinson, assert a lien upon the defendants, the steamboat Cara, for supplies furnished in the home port. The lien is claimed under the local law of Louisiana, (Rev. Civil Code, art. 3237.) The defense, set up by way of exception, is that the contract for supplies was not recorded, as required by law, and therefore no lien attached. The libelants claimed for coal furnished the Cara to the amount of $345, between January 13 and 23, 1879. Their lien therefor was not recorded until March 7, 1879. The interveners, Lagan & Mackinson, claim $74.07 for other supplies furnished between January 9 and 13, 1879, and their lien was not recorded until March 10, 1879. Rev. Civil Code, art. 3274, declares: "No privilege should have effect against third persons, unless

recorded, in the manner required by law, in the parish where the property to be affected is situated. It shall confer no preference on the creditor who holds it over creditors who have acquired a mortgage, unless the act or other evidence of the debt is recorded on the day that the contract is entered into." The libelants and interveners contended, in reply to this, that the claimant was not a "third person," within the meaning of article 3274, Rev. Civil Code. The supplies were furnished to the Cara, by the libelants and interveners, while the Cara was in possession of Dodge & Doherty, to whom she had been chartered by her owner, the claimant, on January 7, 1879, for three months from that date. At the time the steamboat was seized she had been returned to and was in possession of the claimant.

B. Egan, for libelant.

Joseph P. Horner, for claimant.

WOODS, Circuit Judge. The act or other evidence of debt on which the libelant bases his claim was not recorded on the day the contract was made, as required by article 3274, Rev. Civil Code, nor within seven days thereafter, as provided by an amendment passed in 1877. See Acts 1877, p. 59. The only question is therefore whether the owner of the boat falls within the term "third persons," found in article 3274. We think the case of Beard v. Chappell, 23 La. Ann. 694, furnishes an answer to this question. In that case it was held that, "the debtor for supplies being a lessee, the owner of the plantation and the stock thereon is a 'third person,' within the meaning of article 123 of the constitution. If, therefore, the owner of the plantation, a third person, was in possession of the cotton at the time the privilege was asserted by the furnisher of supplies, then, and in such case, the furnisher could not hold the same, because, not having had his privilege recorded, and the cotton having passed into third hands, the privilege was lost." This authority covers this case. As against the owner of the boat, who was a third person in possession, the libelants and interveners had no lien, because their contract had not been recorded as required by law. A lien is necessary to the relief they ask. The Lottawanna, 21 Wall. 558.

The libel and intervention must be dismissed, with costs.

BRADLEY, Circuit Justice, concurred.